# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-50
_____

K.D., Mother of C.D., Minor
Child,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

_____


On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Judge.


April 13, 2018


ROBERTS, J.

    K.D., the mother, appeals an order terminating her parental rights.[*]  K.D. does not contest the grounds for termination, but argues that the Department of Children and Families (the Department) failed to prove by clear and convincing evidence that termination was the least restrictive means of protecting the child, C.D.  We disagree and affirm the order terminating the mother's parental rights to C.D.

_____

    [*] The father voluntarily surrendered his parental rights to C.D.

The mother has suffered from chronic substance abuse for over a decade. Since 2008, the Department has removed seven older children from her care, primarily due to her substance abuse problems. The instant appeal concerns her child, C.D., born on October 27, 2016. C.D. tested positive for cocaine and marijuana at birth and was sheltered three days later based on the drug exposure. The mother was found in violation of her drug offender probation and was criminally committed to an inpatient substance abuse treatment facility, A Woman's Addiction Recovery Effort (AWARE). At the time of the adjudicatory hearing on termination, the mother had been living at AWARE for almost three months and was, by all accounts, doing very well. The mother does not dispute that AWARE was providing for all of her needs and she was not living independently.

Based on her chronic substance abuse and her history with the Department, the Department did not offer the mother a case plan, but instead filed an expedited petition to terminate her parental rights under sections 39.806(1)(c), (i), (j), and (l), Florida Statutes (2016). The Department alleged termination was the least restrictive means to protect C.D. because the mother's chronic substance abuse, which had not been remedied despite services offered to her in the past, posed a significant risk of harm to the child. After an adjudicatory hearing in which the trial court received testimony from the mother, C.D.'s caregiver, the child protection investigator, the assigned case manager, the guardian ad litem, and the AWARE program director as well as documentary evidence related to the removals of the mother's seven older children, the trial court found the Department had established by clear and convincing evidence the four grounds for termination alleged in the petition. The court also found by clear and convincing evidence that termination of the mother's parental rights was the least restrictive means to protect C.D. from harm.

On appeal, the mother only challenges the trial court's finding of least restrictive means because termination was effectuated without the Department offering her a case plan. Our review, confined to the least restrictive means prong of the termination order, is "highly deferential" and limited to whether competent, substantial evidence supports the trial court's judgment and

2

whether we "'cannot say that no one could reasonably find such evidence to be clear and convincing.'" *J.P. v. Fla. Dep't of Children & Families*, 183 So. 3d 1198, 1203 (Fla. 1st DCA 2016) (quoting *N.L. v. Dep't of Children & Families*, 843 So. 2d 996, 1000 (Fla. 1st DCA 2003)). Our role is not to reweigh the evidence heard by the trial court. *J.P.*, 183 So. 3d at 1204.

Because parental rights are a fundamental liberty interest, termination must be the "least restrictive means of protecting the child from serious harm." *Padgett v. Dep't of Health & Rehab. Servs.*, 577 So. 2d 565, 571 (Fla. 1991). This means that the Department ordinarily must show that it has made a good faith effort to rehabilitate the parent and to reunify the family, often through a case plan and related services. *Id.* However, a case plan is not a mandatory prerequisite to termination. Under section 39.806(2), Florida Statutes (2016), reasonable efforts to preserve and reunify families are not required when termination is proven under sections 39.806(1)(b) through (d) or (1)(f) through (m). Termination, here, was premised on sections 39.806(1)(c), (i), (j), and (l); therefore, the Department was not obligated to offer the mother a case plan before seeking to terminate her parental rights. The Florida Supreme Court has recognized in "extraordinary circumstances," termination without a case plan is the least restrictive means. *In re T.M.*, 641 So. 2d 410, 413 (Fla. 1994). The "extraordinary circumstances" here, namely the mother's decade-long substance abuse and involvement with the Department, allowed the Department to swiftly remove C.D. and seek termination due to the child's substantial risk of potential harm from the mother's continued involvement. *See R.W. v. Dep't of Children & Families*, 228 So. 3d 730, 733 (Fla. 5th DCA 2017) (recognizing "extraordinary circumstances" for termination without a case plan include termination based on continuing abuse through continued involvement under section 39.806(1)(c)). We find no merit to the mother's argument that termination was improper without her first being offered a case plan.

The mother seems to suggest that termination was improperly based solely on events occurring in and around 2008 when she failed to engage in services offered to her and had some of her children removed. She suggests that she is doing well in AWARE now and should have another chance to engage in a case plan and

3

services. The mother's narrow view of the past decade ignores her chronic substance abuse that led to the removal of seven of her children. Most importantly, she glosses over her own admitted drug use while pregnant with C.D., who was born suffering the consequences. The trial court received evidence that the mother was presently doing well, and acknowledged her progress, but appropriately recognized that the case was not all about the mother as the ultimate welfare of the child remains paramount. We agree with the trial court and decline the mother's invitation to reweigh the evidence. The least restrictive means prong is not "intended to preserve parental bonds at the cost of a child's future. Instead, this test requires that 'those measures short of termination should be utilized if such measures can permit the safe re-establishment of the parent-child bond.'" *A.H. v. Dep't of Children & Families*, 144 So. 3d 662, 665-66 (Fla. 1st DCA 2014) (quoting *L.W. v. Dep't of Children & Families*, 71 So. 3d 221, 224 (Fla. 4th DCA 2011)). Under the "extraordinary circumstances" of this case, termination was the least restrictive means of protecting C.D. from serious harm.

Based on the foregoing, the order terminating the mother's parental rights as to C.D. is AFFIRMED.

LEWIS and JAY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Susan Barber, Assistant Regional Conflict Counsel, Tallahassee; Crystal M. Frusciante of Frusciante Law Firm, P.A., Sunrise; and Megan O. Peak, Assistant Regional Conflict Counsel, Panama City, for Appellant.

Sarah J. Rumph of Children's Legal Services, Tallahassee, for Appellee Florida Department of Children and Families.

4

Jesse Ryan Butler of Dickinson & Gibbons, P.A., Sarasota; Thomasina F. Moore and Sara Goldfarb, Sanford, for Guardian Ad Litem Program.